**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

BioWound Solutions, Inc.

                    Plaintiff,

          v.

Legacy Family Healthcare, Inc., et al.

                    Defendants.

Case No. 2:26-cv-00923-BNW

**ORDER**

Presently before this Court is Defendant Christin Delaney's motion seeking the court to appoint counsel for her and Legacy Family Healthcare through this Court's Pro Bono Program. ECF No. 17. Plaintiff opposed. ECF No. 20.

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

At the outset, this Court notes that a business entity cannot appear in federal court without counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."). Thus, this Court does not consider the request Delaney seeks on behalf of Legacy Family Healthcare. But in any event, this Court notes that "business entities are not eligible for participation in the [Federal Court] Program. *See* In the Matter of Pro Bono Program, Third Amended General Order 2019-07, § 1(b)(i). Thus, Defendant Legacy Family Healthcare Inc. may not participate in the program.

Next, this Court notes that Defendant Delaney does not demonstrate the exceptional circumstances required for the appointment of an attorney. Indeed, Delaney does not address her likelihood of success at all. Next, Delaney explains this case "involves healthcare reimbursement issues, regulatory matters, contract-formation and capacity questions, discovery obligations, and the likelihood of expert testimony, all difficult for a self-represented litigant to address against two experienced law firms." ECF No. 17 at 3.  This Court sympathizes with her situation. But any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331).  As it stands, Delaney has not met her burden of showing that she cannot articulate a defense in this case. Nor has she explained why she cannot properly participate in the discovery process. Thus, this Court in its discretion denies her motion.

**IT IS THEREFORE ORDERED** that Defendant Delaney's motion for appointment of counsel (ECF No. 17) is **DENIED**.

DATED: July 8, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE